UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

PAUL BRIDGEFOURTH,

        Petitioner,

                                    **ORDER**
     v.                                   No. 05-CV-0535(VEB)

SUPERINTENDENT ARTUS,

        Respondent.

---

## INTRODUCTION

*Pro se* petitioner Paul Bridgefourth ("Bridgefourth" or "Petitioner") seeks a stay of this habeas corpus proceeding so that he may exhaust certain as-yet unidentified claims in the state courts. For the reasons set forth below, the Court directs Petitioner to provide the Court with further information, so that the Court can determine whether a stay would be appropriate under the circumstances.

## BACKGROUND

On August 1, 2005, Bridgefourth, acting *pro se*, filed a petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 in which he raised the following four grounds for relief: (1) unlawful imprisonment; (2) unlawful arrest; (3) perjury by Officer John Abrams; and (4) "falsefying [sic] information to the grand jury." *See* Petition, ¶¶12(a) - (d) (Docket No. 1: No. 05-CV-535). On November 28, 2005, respondent filed an answer and memorandum of law in response to the petition, asserting that the claims raised in paragraphs 12(c) and 12(d)–*i.e.*, that a witness perjured himself at trial and that the prosecution failed to present evidence to the grand

jury allegations–were unexhausted but procedurally defaulted. Respondent did not raise the defense of non-exhaustion with respect to the other claims but asserted that they were without merit. *See* Docket Nos. 8-9: No. 05-CV-535. On August 21, 2006, Bridgefourth submitted a one-sentence letter to the Court that was docketed in No. 05-CV-535. *See* Docket No. 11: No. 05-CV-535). Bridgefourth stated, "I would like to enter into the District Court a stay of execution [sic] under 28 USC(A) [sic] 2244D and 28 USC 2251 that all judgment be preserve until judgment on 440.10 is render [sic]." *See id.* The Court interprets this to mean that Bridgefourth is currently prosecuting a motion to vacate the judgment pursuant to New York Criminal Procedure Law ("C.P.L.") § 440.10 in state court and is requesting that his habeas petition be held in abeyance until he has received a final decision on the § 440.10 motion.

In his letter, Bridgefourth did not set forth the legal or factual bases of the claims that he has asserted in the C.P.L. § 440.10 motion so the Court does not know whether he is attempting to exhaust the two claims raised in the *original* petition that Respondent has argued are unexhausted or he is exhausting *new* claims that he wishes to add to the original petition.

## DISCUSSION

In *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court endorsed the "stay and abeyance" procedure employed by the Second Circuit,[1] in which the district court, instead of

---

[1] In *Zarvela v. Artuz*, 254 F.3d 374 (2d Cir. 2001), the Second Circuit adopted the stay and abeyance procedure, holding that when presented with a mixed habeas petition, the court should stay the exhausted claims, after dismissing the unexhausted claims. The *Zarvela* court noted that stay-and-abeyance would be the only appropriate course in cases where an outright dismissal could jeopardize the timeliness of a petitioner's collateral attack. *Zarvela* directed the district courts to explicitly condition the stay on (1) the petitioner's timely initiation of litigation in state court to exhaust the unexhausted claims (normally within in thirty days) and (2) the petitioner's return to the district court after exhaustion is completed, also within a limited period of time (again, normally thirty days).

dismissing the mixed petition, would stay the petition and hold it in abeyance to allow the petitioner to return to state court to exhaust his unexhausted claims. However, the Supreme Court warned that stay and abeyance should be available only in "limited circumstances" lest it undermine AEDPA's legislative goals:

> Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless.

544 U.S. at 277. The *Rhines* court explained that "[e]ven where stay and abeyance is appropriate, the district court's discretion in structuring the stay is limited by the timeliness concerns reflected in AEDPA," and stated that if a petitioner "engages in abusive litigation tactics or intentional delay, the district court should not grant him a stay at all." *Id.* On the other hand, the Supreme Court observed, it "likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.*

As noted above, the Court does not know which claim or claims Bridgefourth is attempting to exhaust in his C.P.L. § 440.10 motion. If Bridgefourth is seeking a stay in order to exhaust claims pled in the original petition, then he is required to make a showing, pursuant to *Rhines v. Weber*, that (1) that "good cause" exists for his failure to exhaust the new claims, and (2) that the new claims are "potentially meritorious" on federal habeas corpus review. *Rhines*, 544 U.S. at 277-78. Moreover, the Court must be satisfied that Bridgefourth has not been

engaging in "intentionally dilatory litigation tactics. *Id.*

If Bridgefourth is attempting to exhaust new claims not pled in the original petition, then he *also* must demonstrate that they are timely under 28 U.S.C. § 2244(d)(1) because they "relate back" to the claims pled in the original petition pursuant to Federal Rule of Civil Procedure 15. The Supreme Court recently examined the operation of Rule 15's "relation back"[2] requirement in the habeas context in *Mayle v. Felix*, 545 U.S. 644, 656-57 (2005). There, the Supreme Court rejected the claim that a petitioner's "trial, conviction, or sentence" constitute the "conduct, transaction, or occurrence" contemplated by Rule 15; otherwise, all amendments would relate back because "virtually any new claim introduced in an amended petition will relate back, for federal habeas claims, by their very nature, challenge the constitutionality of a conviction or sentence, and commonly attack proceedings anterior thereto." *Id.* at 657 (citation omitted). Instead, "[s]o long as the original and amended petitions state claims that are tied to a common core of operative facts, relation back will be in order." *Id.* at 664; *see also id.* at 659 ("[R]elation back depends on the existence of a common 'core of operative facts' uniting the original and newly asserted claims.") (citing, *inter alia*, 6A C. Wright, A. Miller, & M. Kane, FEDERAL PRACTICE AND PROCEDURE § 1497, p. 85 (2d ed.1990)).

At the present time, the Court has insufficient information to determine whether Bridgefourth's request for a stay should be granted. Therefore, so that the Court will be able to evaluate the *Rhines* factors and determine whether a stay is warranted in this case, Bridgefourth

---

[2] Under Rule 15, amendments to a pleading may not be made after the statute of limitations has run unless the amendment relates back to the date of the original pleading. Fed. R. Civ. P. 15(a). In applying this rule, amendments are deemed to "relate back" to the original pleading if "the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Fed R. Civ. P. 15(c)(2).

is directed to submit to this Court, no later than 45 days after receipt of this Order, a sworn affidavit or a declaration made under penalty of perjury, setting forth the factual grounds and legal grounds for the claims he is presently exhausting by means of his C.P.L. § 440.10 motion. In this pleading, Bridgeforth is also directed to set forth (1) the reasons why Petitioner believes good cause exists for his failure to exhaust these claims in the state courts before filing his Petition in this Court, and (2) the reasons why Petitioner believes the claims have merit.

If Bridgefourth is seeking to exhaust new claims that he wishes to add to the original petition, then he also must (1) make a showing under Rule 15(c) and *Mayle v. Felix*, *supra*, that the claims "relate back" to the claims pled in the original petition, and (2) submit an amended petition including all of the claims that he wishes this Court to consider. Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's motion to stay these proceedings (Docket No. 11) is **DENIED** without prejudice and with leave to re-file the motion and make an adequate showing, pursuant to *Rhines v. Weber*, 544 U.S. at 277-78, that (1) "good cause" exists for petitioner's failure to exhaust these claims in the state courts before filing his Petition in this Court, and (2) the claims are "potentially meritorious."

**IT IS FURTHER ORDERED** that any renewed motion to stay these proceedings must be filed no later than 30 days after petitioner's receipt of this Order. If Petitioner files a renewed motion for a stay, Respondent shall have 30 days upon receipt of the motion to file a response. Petitioner is cautioned that any renewed motion for a stay filed after that time period will be denied with prejudice, unless Petitioner can establish good cause for his failure to file within the 30-day time period.

**IT IS FURTHER ORDERED** that if the claim or claims that Petitioner is now

exhausting were not raised in the original petition, Petitioner must also file a proposed amended petition along with the renewed motion for a stay, setting forth *all* of the claims that he wishes this Court to consider. Petitioner also must demonstrate that the proposed new claims "relate back" to the original petition, *see Mayle v. Felix*, *supra*; Fed. R. Civ. P. 15(c). Respondent should respond to any request by petitioner to amend the petition in Respondent's response to the renewed motion for a stay.

The Clerk of the Court is directed to send Petitioner a copy of this Order along with the applicable form for filing a petition for a writ of habeas corpus relief under 28 U.S.C. § 2254 for his use in filing a proposed amended petition, should he decide to file one.

**IT IS SO ORDERED.**

/s/ *Victor E. Bianchini*

_____
VICTOR E. BIANCHINI
United States Magistrate Judge

Dated: February 26, 2007
Buffalo, New York